**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK YOUNG,

               Plaintiff-Appellee,

  v.

SOLANA LABS, INC.; et al.,

               Defendants-Appellants.

Nos. 24-6032

D.C. No.
5:22-cv-03912-NW
Northern District of California,
San Francisco

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Rita Lin, District Judge, Presiding

Argued and Submitted October 8, 2025
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS Circuit Judges.

Solana Labs, Inc. ("Solana") appeals the district court's denial of its motion

to compel arbitration. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B) and

28 U.S.C. § 1291. "We review denial of a motion to compel arbitration *de novo*,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and review findings of fact underlying the district court's decision for clear error." *Lim v. TForce Logistics LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (internal citations omitted). Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court correctly concluded that Exodus's Terms of Use did not delegate to the arbitrator the question of arbitrability with a non-signatory.

The Federal Arbitration Act ("FAA") "limits federal court review of arbitration agreements to two gateway arbitrability issues: (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023) (internal quotation and citation omitted). Enforcement of an arbitration agreement through equitable estoppel is one such gateway issue. *See Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009). "Delegation provisions further limits federal court review by assigning these gateway issues to an arbitrator." *Bielski*, 87 F.4th at 1009 (internal citations omitted).

A federal court has jurisdiction to review delegation of arbitrability to an arbitrator only where a party "challenges specifically the validity of the agreement

to arbitrate." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Young specifically challenged that the Terms of Use did not include an agreement to arbitrate with non-signatories in his opposition to Solana's motion to compel arbitration. Therefore, the district court had jurisdiction to determine whether arbitrability was delegated, *id*., and this Court can properly review that determination. 9 U.S.C. § 16(a)(1)(B).

For arbitrability to be delegated to an arbitrator, the parties must "clearly agree to submit the question of arbitrability to arbitration," otherwise arbitrability is "subject to independent review by the courts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947 (1995) (holding that non-signatories to an arbitration agreement did not clearly delegate arbitrability where their wholly owned investment company signed an arbitration agreement). Courts should "hesitate to interpret silence or ambiguity" as delegating arbitrability. *Id*. at 945.

The arbitration agreement within Exodus's Terms of Use does not "clearly and unmistakably" delegate arbitrability as it relates to non-signatories. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013). In *Kramer*, plaintiffs purchased Toyota vehicles from dealerships and their purchase agreement contained an arbitration provision. *Id*. at 1124. The plaintiffs then sought to sue the vehicle manufacturer, Toyota, for alleged defects. *Id*. Toyota

3

moved to compel arbitration and argued that arbitrability was delegated because a delegation clause provided that the arbitration agreement "includes all claims and disputes arising out of, or relating to, the vehicle." *Id*. Toyota further argued, as Solana does here, that the delegation provision applied to the dispute between Toyota and plaintiffs because the provision stated that "[i]t also applies to any claim or dispute about the interpretation and scope of this Arbitration Clause." *Id*. at 1125. We affirmed the district court's denial of the motion to compel arbitration, finding that the delegation provision was "expressly limited to Plaintiffs and the Dealerships" based on the inclusion of "you" and "we" throughout the contract despite its statement that it applied to disputes about "interpretation and scope" of the agreement. *Id*. at 1125, 1127.

Similar to *Kramer*, Exodus's Terms of Use provide that the arbitrator has "exclusive authority" to "determine the scope and enforceability" of the arbitration agreement. This delegation clause relates to "the rights and liabilities, if any, of you and Exodus" and states that any award would be binding "upon you and us." *Id*. Further, the arbitration agreement provides that it is applicable to "any aspect of your relationship with Exodus.

The arbitration agreement further provides that Exodus will pay relevant filing, administrative, or hearing fees to Judicial Arbitration and Mediation

4

Services ("JAMS") provided a party is unable to afford the fees or obtain a waiver from JAMS. The arbitration agreement also incorporates JAMS rules. We recently held that the "[i]ncorporation of JAMS arbitration rules by reference constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024). We have not extended that holding to apply where the party seeking to enforcement is not a signatory to the arbitration agreement.

*Kramer* governs this case. Incorporating the term "enforceability" and the JAMS rules does not change the fundamental inquiry regarding whether the parties to the litigation are the parties that also agreed to delegate arbitrability. *See Kramer*, 705 F.3d 1128 ("The parties to this litigation did not agree to arbitrate arbitrability.") And despite "the law's permissive policies in respect to arbitration, . . . a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration," and courts should "hesitate to interpret silence or ambiguity on the [delegation question] as giving the arbitrators that power." *First Options of Chi., Inc.*, 514 U.S. at 945. Nor does this case involve whether an arbitration agreement extends to assignees or successors-in-interest to signatories.

Incorporating the JAMS rules, particularly with Exodus's promise to pay relevant fees, and the term "enforceability" does not unambiguously resolve the

5

delegation of arbitrability in Solana's favor given the other language limiting the arbitration agreement to Young and Exodus.  Therefore, the arbitration agreement in Exodus's Terms of Use does not "clearly and unmistakably" delegate arbitrability with non-signatories.  *See, e.g., Kramer*, 705 F.3d at 1127; *First Options of Chi., Inc.*, 514 U.S. at 945-46.

II

Having determined that Exodus's Terms of Use do not delegate arbitrability as it relates to non-signatories, we now turn to whether Solana can invoke Exodus's Terms of Use through equitable estoppel.  The district court correctly concluded that Solana may not invoke Exodus's Terms of Use through equitable estoppel to require Young to arbitrate his claims.

Litigants who are "not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement."  *Kramer*, 705 F.3d at 1128.  The doctrine of equitable estoppel applies "when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are 'intimately founded in and intertwined with' the underlying contract."  *Id*. (internal citations omitted).

6

Equitable estoppel focuses on whether the cause of action is rooted in the contract because the "fairness rationale" of equitable estoppel prevents plaintiffs from pursuing "a lawsuit to vindicate contractual provisions beneficial to them yet avoid[ing] an agreement to arbitrate, either by couching their claims as actions unrelated to the contract or by suing the nonsignatory." *Ford Motor Warranty Cases*, 17 Cal.5th 1122, 1133 (2025). Equitable estoppel applies where a plaintiff must "depend on or invoke" the terms of the contract that contains an arbitration agreement to state a cause of action. *Id*. This invocation must be beyond a "mere reference" to the agreement, such as reference to the price term included in the contract. *Kramer*, 705 F.3d at 1132.

The causes of action in this case are violations of the Securities Act and analogous state law claims under the California Corporations Code for the sale of unregistered securities. In alleging these claims, the Consolidated Amended Class Action Complaint does not reference Exodus or Exodus's Terms of Use. Plaintiffs do not bring any breach of contract claim invoking the Terms of Use against Exodus or any party to this lawsuit. The initial Class Action Complaint does mention that Young purchased SOL tokens on Exodus, but it does not reference Exodus's Terms of Use. Therefore, in stating his claim, Young does not invoke any contractual obligations in Exodus's Terms of Use. The purchase of the SOL

7

token on Exodus merely satisfies a predicate condition for the claim, but it does not result in Young's claims relying upon Exodus's Terms of Use. *See, e.g., Kramer*, 705 F.3d at 1130-32 (holding that proof of purchase and the price term cannot alone form a basis for invoking an arbitration agreement contained in the Purchase Agreement); *In re Henson*, 869 F.3d 1052, 1060-61 (9th Cir. 2017) (holding that equitable estoppel did not apply where plaintiff's allegation of wrongdoing against defendant, Turn, was predicated on the Customer Agreement between plaintiffs and Verizon).

Young's claims are also not "intimately founded in and intertwined with the underlying" Terms of Use. *Kramer*, 705 F.3d at 1128 (internal quotations and citations omitted).

In *Herrera*, we held that plaintiffs were required to arbitrate a refund claim against an airline despite the airline contract lacking an arbitration clause. *Id*. at 710. The airline was able to invoke the arbitration clause contained within the travel broker's terms and conditions because plaintiffs' refund claim turned on whether the travel broker abided by its terms and conditions in its role as "middle man." *Id*. at 709. The refund claim was sufficiently intertwined with the travel broker's terms and conditions because it turned on how two sets of contract obligations "interact as a whole." *Id*. Critically, the airline issued the ticket to the

travel broker initially, so the airline was entitled, by its terms, to refund either to the plaintiffs or to the travel broker. *Id*. 707-08. Therefore, whether plaintiffs were entitled to relief depended upon both the travel broker's conduct and obligations within its terms and conditions, which contained the arbitration clause. *Id*. at 708.

In contrast, neither party has placed Exodus's conduct at issue or invoked any obligation in Exodus's Terms of Use. If Young is entitled to relief, the relief would be from Solana, not Exodus. *See* 15 U.S.C. § 77l; Cal. Corp. Code § 25503. The cause of action depends upon statutory requirements rather than contractual obligations, so equitable estoppel is inapplicable. *Stafford v. Rite Aid Corp.*, 998 F.3d 862, 866-67 (9th Cir. 2021) (holding defendant was not entitled to equitable estoppel where plaintiffs complaint alleged violations of California statutes regarding cost of prescription drugs); *see also Ford Motor Warranty Cases*, 17 Cal.5th at 1133 ("Plaintiffs' warranty claims 'arise from a statutory scheme separate and apart from the contracts.'" (internal citation omitted)). Solana cannot invoke equitable estoppel solely because Exodus processed the relevant transaction that forms the basis of Young's claim that SOL is an unregistered security.

III

9

Because Solana has no right to compel arbitration, we need not consider the issue of contract formation between Young and Exodus. In sum, we affirm the district court's order denying Solana's motion to compel arbitration.

**AFFIRMED.**